IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BML REC, LLC, a Nebraska limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>YIWU SHENGSEN HANDICRAFT CO., LTD., a foreign corporation;<br><br>Defendant. | **8:26CV284**<br><br>**ORDER** |

This matter comes before the Court on Defendant's motion to reconsider the preliminary injunction, Filing No. 31, and Plaintiff's motion for clerk's entry of default, Filing No. 32.

On October 29, 2026, the Court granted Plaintiff's motion for entry of a preliminary injunction and denied Defendant's motion to dismiss which had tolled its answer deadline. Filing No. 27. On November 7, Defendant sought an indefinite extension of its answer deadline in order to file a motion to reconsider the preliminary injunction. Filing No. 28. The Magistrate Judge denied the motion for extension due to lack of good cause and ordered Defendant to file its answer on or before November 18, 2026. Defendant did not answer on or before November 18.

Instead, on November 19, 2026, Defendant filed a motion to reconsider the granting of the preliminary injunction. Filing No. 31. Also on November 19, Plaintiff filed for clerk's entry of default due to Defendant's failure to file a timely answer.

The Court denies Defendant's motion to reconsider. To the extent it advances novel arguments and presents new evidence, it is outside the scope of a motion to

reconsider. To the extent it challenges the merits and scope of the preliminary injunction, the Court finds no error in its prior order.

The motion for clerk's entry of default is a closer call. Federal Rule of Civil Procedure 55(a) states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here it is clear Defendant has "failed to plead," and has done so in direct contravention of the Court's order nonetheless. However, the Court generously construes Defendant's motion to reconsider, although filed a day late, to be "otherwise defend[ing]" the lawsuit and thus concludes entry of default is inappropriate at this time.

Defendant is ordered to answer on or before November 30, 2026. The Court cautions Defendant that should it again fail to timely answer or should it again disregard the Court's orders, it could be, among other things, subject to the granting of a renewed motion for entry of default and subsequent motion for default judgment in Plaintiff's favor.

IT IS ORDERED:

1. Defendant's Motion for Reconsideration, Filing No. 31, is denied.
2. Plaintiff's Motion for Clerk's Entry of Default, Filing No. 32, is denied without prejudice.
3. Defendant shall file an answer on or before November 30, 2026.

Dated this 20th day of November, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge